No. 24-7280

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

JEFFREY D. ISAACS, et al.,

*Appellant*,

*v.*

APPLE INC.,

*Appellee*.

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:21-cv-05567-EMC

_____

# MOTION FOR SUMMARY AFFIRMANCE

_____

| | |
|---|---|
| Cynthia E. Richman | Rachel S. Brass |
| Harry R. S. Phillips | Julian W. Kleinbrodt |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1700 M Street, N.W. | One Embarcadero Center, Suite 2600 |
| Washington, D.C. 20036 | San Francisco, CA 94111 |
| | (415) 393-8200 |
| | JKleinbrodt@gibsondunn.com |

*Attorneys for Apple Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned counsel of record certifies that Apple Inc. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: March 20, 2025

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

ii

## INTRODUCTION

Over three years ago, the district court dismissed with prejudice Plaintiffs' complaint against Apple for failing to state an antitrust claim. *Coronavirus Rep. v. Apple Inc.*, 2021 WL 5936910, at *15 (N.D. Cal. Nov. 30, 2021). This Court affirmed in *Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948 (9th Cir. 2023), conclusively resolving the inadequacy of Plaintiffs' pleadings. Appellant Jeffrey Isaacs, representing himself, now appeals the subsequent denial of his motion to reopen this case. Br. 3. None of the arguments he makes about Apple's business response to regulation outside the United States, proceedings in other cases, and other supposed extrinsic developments provides any grounds for the relief he seeks. As the district court held, "Isaacs's arguments regarding external developments do not cure deficiencies in [his] own allegations." ER 6. This appeal is "obviously controlled by precedent"—indeed, the law of the case—and should be summarily rejected. *Optional Cap., Inc. v. DAS Corp.*, 66 F.4th 1188, 1191 (9th Cir. 2023) (quoting *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007)); *see also* Cir. R. 3-6(a).[1]

## BACKGROUND

Collectively, Plaintiffs Coronavirus Reporter, CALID, Primary Productions, and Jeffrey Isaacs filed seven successive complaints against Apple, eventually asserting seven antitrust claims under Sections 1 and 2 of the Sherman Act in addition

---

[1] Isaacs opposes the relief requested in this motion. *See* Ex. A.

to claims for breach of contract, breach of the covenant of good faith and fair dealing, RICO violations, and fraud. *See* ER 81–82. The thrust of Plaintiffs' case was that Apple rejected certain apps from the App Store and "suppressed" others in search rankings. ER 72–80. In November 2021, the district court dismissed Plaintiffs' claims with prejudice and denied Isaacs' motions for other relief, including two motions for preliminary injunctions. ER 106–07. The district court then denied Isaacs' motion for reconsideration. *See Coronavirus Rep. v. Apple Inc.*, 2022 WL 307941, at *4 (N.D. Cal. Feb. 2, 2022).

After briefing and argument, this Court affirmed the district court's decisions on all grounds in a unanimous published opinion. ER 125. The Court held that Plaintiffs' antitrust claims as pleaded faltered on two threshold grounds. ER 119–22. First, the alleged "scattergun" markets were inadequately defined, the complaint failed to support the alleged markets with sufficient factual allegations, and Plaintiffs "fail[ed] to properly allege a relevant [two-sided] market" "to the extent that [they] attempt[ed]" to do so. ER 119, 121. Second, Plaintiffs failed to "demonstrate that [Apple] undertook anticompetitive conduct in that market sufficient to harm the competitive process as a whole." ER 122. The Court held Plaintiffs' other claims were meritless too, ER 122–25, and affirmed the denial of leave to amend since Plaintiffs had been "given a total of seven opportunities to amend similar complaints across jurisdictions . . . but still failed to state their claims," ER 125.

2

The Court then denied separate petitions from Isaacs and the other plaintiffs for panel and *en banc* rehearing. *Coronavirus Rep. et al. v. Apple Inc.*, No. 22-15166 (9th Cir.) Dkt. 80. The Supreme Court denied certiorari. ER 126. This Court's mandate issued January 12, 2024. *Coronavirus Rep. et al. v. Apple Inc.*, No. 22-15166 (9th Cir.) Dkt. 81.

Undeterred, Isaacs moved the district court to vacate the already-affirmed judgment under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). His motion urged the district court to disregard this Court's mandate because: (1) Apple announced a new business model and pricing terms for the App Store in Europe after the European Union adopted new legislation known as the Digital Markets Act; (2) a jury found against Google in a different antitrust case; and (3) Apple has been accused of not complying with an injunction entered in a separate case against a different plaintiff, Epic Games. *See* ER 58, 64–66.

The district court denied Isaacs' motion on two grounds. First, the court held that "the law of the case bars [Isaacs'] motion to reopen." ER 4. The court recognized that the insufficiency of Isaacs' allegations was an "issue[] actually addressed and explicitly or implicitly decided upon in the court's previous disposition," ER 4–5, and determined "Isaacs's arguments regarding external developments d[id] not cure deficiencies in [his] own allegations," ER 6. The court explained that "a foreign jurisdiction's legislation and a verdict in another district court are not grounds to

3

contravene the Ninth Circuit's published opinion affirming . . . dismissal of [Isaacs'] claims." ER 5. Second, the district court denied Isaacs' motion for the independent reason that it exceeded the 25-page limit set by the local rules. ER 4.

Isaacs now appeals the denial of his motion.

## ARGUMENT

Summary affirmance is appropriate where an appeal is "obviously controlled by precedent" or where "the insubstantiality of the appeal is manifest from the face of appellant's brief." *Optional Cap.*, 66 F.4th at 1191 (brackets omitted and quoting *In re Thomas*, 508 F.3d at 1227). It is obvious from the face of Isaacs' brief that he cannot demonstrate that the district court abused its discretion in refusing to reopen the already-affirmed judgment against him. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (reviewing the denial of a Rule 60(b) motion for abuse of discretion). This Court should summarily affirm for three reasons.

**1.** The district court appropriately applied the law of the case in rejecting Isaacs' motion. ER 5 (citing *Optional Cap.*, 66 F.4th at 1192). This Court affirmed the dismissal of Isaacs' suit on the pleadings with prejudice, so this Court's holding that Isaacs failed to allege a viable claim is the law of the case. *See Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir. 1989). The district court therefore was duty-bound to follow this Court's opinion affirming dismissal—"as well as those

4

issues decided by necessary implication"—"in all subsequent proceedings in the same case." *Id.* As the district court correctly found, neither foreign legal developments nor different court proceedings bear on the adjudicated inadequacy of Isaacs' *allegations*. *See* ER 5 ("[U]nder our 'law of the circuit doctrine,' a published decision of [the Ninth Circuit] constitutes binding authority," so "[t]he Ninth Circuit's opinion, affirming this Court's finding that Plaintiffs failed to state a claim as a matter of law, binds this Court." (quoting *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017))).

In *Optional Capital*, this Court held that summary affirmance is appropriate in cases like this one. There, as here, the movant sought relief under Rule 60 by making arguments "that [were] directly contrary to, and squarely foreclosed by, the rulings in [the Ninth Circuit's] prior opinion." 66 F.4th at 1192. This Court summarily affirmed the denial of that motion, holding that Rule 60 "obviously" cannot be used to circumvent the law of the case doctrine. *Id.* at 1191–93. Isaacs' motion—which also is "utterly meritless," "frivolous," and serves only to "vexatiously multiply[] these proceedings"—should be dispatched in similarly short order. *Optional Cap.*, 66 F.4th at 1193; *see also*, *e.g.*, *United States v. Jallali*, 587 F. App'x 583, 586 (11th Cir. 2014) (affirming order denying Rule 60 motion under the law of the case); *Biancur v. Hickey*, 221 F. App'x 546, 547–48 (9th Cir. 2007) (same).

5

Isaacs seeks to distinguish *Optional Capital* by arguing that his Rule 60 motion "is based upon newsworthy, major international antitrust developments." Br. 13. That is a false distinction: The appellants in *Optional Capital* also argued that "Kafkaesque" developments "crie[d] out for clarification . . . under Rule 60." Br. of Appellant, *Optional Cap. v. 475 Martin Lane, Beverly Hills, et al.*, 2022 WL 17741751, at *9 (9th Cir. Dec. 9, 2022). In any event, this Court took Isaacs' "factual allegations in the complaint as true" and found they failed to state a claim several times over. ER 115, 122. Any "new factual occurrences" in the world at large, Br. 14, have no bearing on Isaacs' failure to state a claim—an inquiry "limited to the complaint" and any properly incorporated or judicially noticed materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see, e.g.*, *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–48 (2d Cir. 2020) (holding extrinsic evidence arising after dismissal cannot support vacatur under Rule 60). This appeal, like *Optional Capital*, simply seeks to "re-argue the identical legal questions already conclusively resolved by prior appellate rulings." Br. 13 (citing *Optional Cap.*, 66 F.4th at 1192).

**2.** The Court also should summarily affirm because Isaacs fails to satisfy the high bar for relief under Rule 60. Although the district court did not find it necessary to reach this argument to resolve Isaacs' motion, this Court may affirm on any basis apparent in the record. *See Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059,

6

1069 (9th Cir. 2016). On its face, Isaacs' brief fails to demonstrate that he could be entitled to relief under Rule 60(b)(5) or 60(b)(6).

Under Rule 60(b)(5), a court may vacate a judgment only if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). But Isaacs argues only that prospective application of the judgment is inequitable, Br. 22, and dismissals do not have prospective application—a necessary element for a judgment to be "unfair under Fed. R. Civ. P. 60(b)(5)." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (order dismissing party was not prospective). Nor do any of the developments identified by Isaacs render the judgment inequitable: Plaintiffs' allegations failed to state a claim as a matter of law under Rule 12(b)(6), and "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009).

Isaacs contends that his motion sought prospective relief under Rule 60(b)(5) because the district court's "prior dismissal (and the Ninth Circuit's affirmance) effectively bars [him] from seeking injunctive relief against Apple's 'stamp' scheme, in perpetuity." Br. 23. But under binding precedent it does not matter whether an order "causes at least some reverberations into the future" or "has continuing consequences"; the question is whether an order involves "supervision of changing conduct or conditions." *Maraziti*, 52 F.3d at 254 (quoting *Twelve John Does v. District*

7

*of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). A "dismissal order" does not. *Id.*; *see also Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002) (collecting cases holding "that dismissals with prejudice are not prospective within the meaning of Rule 60(b)(5)").

The two cases Isaacs cites do not say otherwise. *See* Br. 23, 28. In *Agostini v. Felton*, the Supreme Court dealt with "a party's request under Rule 60(b)(5) to vacate a continuing injunction . . . in light of a bona fide, significant change in subsequent law." 521 U.S. 203, 238–39 (1997).[2] And this Court did not even consider a Rule 60 motion in *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035, 1043 (9th Cir. 2018). Rather, it reversed a district court's dismissal of an amended complaint based on *its own* dismissal of the original complaint *without prejudice* as "law of the case"—an issue *Askins* recognized is distinct from the circumstance (presented here) in which "the lower court is precluded from reconsidering" "an issue [that] has been decided by a higher court." *Id.* at 1042–43; *accord Eichman*, 880 F.2d at 157 (holding the "decision of the court in a prior appeal must be followed in all subsequent proceedings in the same case"). In any event, neither case suggests Rule 60(b)(5) can be used to revisit a dismissal order.

---

[2] For similar reasons, Isaacs' reference to Apple's pending Rule 60 motion in a separate proceeding, Br. 15, is irrelevant here. There, as in *Agostini*, Apple challenges a continuing injunction based on intervening changes in binding law, not new factual circumstances. There is no such injunction here.

8

Isaacs' reliance on Rule 60(b)(6) fails for similar reasons. Rule 60(b)(6) applies only in the "rare case in which extraordinary circumstances" warrant relief. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citation omitted). That typically involves gross fraud, *McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968), or a "clear and authoritative change in governing law," *Polites v. United States*, 364 U.S. 426, 433 (1960). Nothing of that sort occurred here, and Isaacs does not suggest otherwise.

Isaacs resorts to invoking the "continuing violation" doctrine, Br. 18, which allows a plaintiff to maintain an antitrust suit beyond the four-year statute of limitations where "a continuing violation is ongoing" and "inflict[s] new and accumulating injury on the plaintiff." *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014). That simply has nothing to do with this appeal. Nor does Judge Chen's decision conflict with *Lawlor v. National Screen Services Corp.* (*see* Br. 17–22)—a case in which "[t]he only question" concerned the preclusive effect of prior antitrust judgments on newly filed suits. 349 U.S. 322, 323 (1955). None of Isaacs' arguments come close to clearing the high bar for relief under Rule 60.[3]

---

[3] Isaacs continues to conjure phantom slights and imaginary persecution from Apple and its counsel. Br. 15–16. Isaacs' allegations are untrue and have been rejected at every turn. *See*, *e.g.*, ER 108 (district court rejecting Isaacs' assertion that Apple's counsel had "contaminated" these proceedings as "not relevant this case"). As another court recently observed in a related case, Isaacs "do[es] not make any effort" to "ground [his] argument" about alleged "injustice delivered by the hands of Apple"

9

**3.** Isaacs also does not meaningfully challenge the district court's determination that he failed to respect the district court's local rules on page limits. *See* Br. 38–40. Nor could he do so. "Pro se litigants are not excused from following court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). And Isaacs should have been well aware of the applicable local rules given his experience litigating in the Northern District of California. *See, e.g., Isaacs v. Keller Williams Realty, Inc.*, 5:24-mc-80009-VKD (N.D. Cal.); *Isaacs v. Whitepages, Inc. et al.*, 3:16-cv-01837-RS (N.D. Cal.). That includes prior rulings underscoring the consequences of violating the local rules. *See, e.g.*, District Court Dkt. 100 (denying Isaacs' motion for sanctions as untimely under N.D. Cal. L.R. 7-8(d)). Judge Chen did not abuse his "broad discretion in interpreting, applying, and determining the requirements of [its] own local rules." *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989).

Isaacs suggests that procedural rules such as page limits should not apply given the substantive importance of enforcing antitrust laws. Br. 39–40. He cites no authority for such a position. There is none: The Northern District of California's Local Rules "apply to [all] civil actions." N.D. Cal. L.R. 1-2. And they have been routinely enforced in antitrust cases and other matters of significant public import.

---

in legal analysis. *Coronavirus Rep. Corp. v. Apple Inc.*, 2024 WL 5284023, at *5 n.2 (D. Wyo. Nov. 21, 2024).

10

*See*, *e.g.*, *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1031 (N.D. Cal. 2001) (enforcing various Local Rules in antitrust matter); *In re German Auto. Manufacturers Antitrust Litig.*, 392 F. Supp. 3d 1059, 1064 n.2 (N.D. Cal. 2019) (same). Isaacs' undisputed failure to abide by the Local Rules thus independently warrants summary affirmance. *See In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (summary affirmance proper when the "insubstantiality of the appeal is manifest from the face of [appellant's] pleadings").

## CONCLUSION

There is no basis to reopen the affirmed judgment. This Court should summarily affirm the district court's denial of Isaacs' Rule 60 motion.[4]

---

[4] Pursuant to Circuit Rule 27-11(a)(1), the briefing schedule on Isaacs' appeal is stayed pending the resolution of this motion for summary affirmance. *See* Cir. R. 27-11(a)(1); *see also* United States Courts for the Ninth Circuit, *Motions*, https://www.ca9.uscourts.gov/staff-attorneys/motions/#Effect-of-Motions-on-Briefing (last visited March 17, 2025) ("[A] motion for summary disposition will stay briefing until the motion is decided; if you file a motion for summary disposition you do not need to separately request to stay briefing. The briefing schedules will be reset as needed when the above motions are resolved."). If the Court denies this motion, Apple respectfully requests that the Court reset the schedule for Apple's answering brief.

11

| | |
|---|---|
| Dated: March 20, 2025 | Respectfully submitted,<br><br>/s/ *Julian W. Kleinbrodt*<br>Julian W. Kleinbrodt |
| Cynthia E. Richman<br>Harry R. S. Phillips<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036 | Rachel S. Brass<br>Julian W. Kleinbrodt<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94105<br>(415) 393-8200<br>JKleinbrodt@gibsondunn.com |

12

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 2,738 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word.

Dated:  March 20, 2025                    Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion for Summary Affirmance with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 20, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  March 20, 2025                         Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt