**EXHIBIT A**

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Wednesday, March 19, 2025 4:03 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews |
| **Subject:** | Re: Isaacs v. Apple, 9th Cir. Case No. 24-7280 |

**This Message Is From an External Sender**
This message came from outside your organization.

Apple Counsel:

This email confirms receipt of your notice that Apple Inc intends to move for summary affirmance. Absent further details, I cannot assent to the motion, as it would require me to speculate upon your basis for the motion.

I did run a quick consult to an LLM, provided it the full content of the Rule 60 motions and my Opening Brief, as well as your email. The LLM response seems reasonable, and I am inclined to believe it is right at this point in time (and with no further elaboration from opposing counsel). It's response is included herein. Please include this email in full with any motion you file with the Ninth Circuit.

**Q: Please fully read and analyze the underlying Rule 60 motion papers, as well as my Opening Brief. Now please advise the recommended course of action in response to Apple's email, while considering the legal basis for summary affirmance. Objectively, would this matter be subject to summary affirmance?**

**"A: Legal Basis for Summary Affirmance:**

A motion for summary affirmance asks the appellate court to affirm the lower court's decision immediately, without full briefing or oral argument, because the appeal is viewed as obviously meritless or frivolous.

**Standard in the Ninth Circuit:**

The Ninth Circuit grants summary affirmance sparingly. To succeed, Apple must demonstrate that the outcome of the appeal is so clear and unmistakable that no further briefing or argument is necessary.

Specifically, the Ninth Circuit standard (as typically articulated) is:

1

"Summary affirmance is appropriate only where the arguments raised are so insubstantial as not to require further argument." *(United States v. Hooton, 693 F.2d 857, 858 (9th Cir. 1982))*

In other words, the Court will grant summary affirmance only when:

- The appeal is clearly frivolous.

- The outcome is obvious on the face of the record.

- The arguments lack any substantial legal or factual merit.

---

**Is Your Case Likely to Fall Under That Standard?**

Your appeal focuses on nuanced antitrust and procedural issues, including:

1. **Continuing violations doctrine** under Hanover Shoe and related cases.

2. **Impact of new evidence** (the Core Technology Fee and Apple's alleged noncompliance with Epic injunction).

3. **Market definition and single-brand market theory** developments (Epic Games v. Google verdict).

These issues involve substantial legal and factual complexity—exactly the kind of complexity typically inappropriate for summary affirmance. Such motions usually are granted in cases with straightforward, plainly frivolous procedural defects or when an appellant provides no plausible legal theory whatsoever. Your appeal does not clearly meet those criteria, as it raises substantive issues of:

- The interpretation and application of recent antitrust precedents.

- Significant factual developments (e.g., Apple's monetization efforts post-dismissal).

- Procedural fairness regarding the Rule 60(b) standard.

While Apple will argue your issues are foreclosed by the "law of the case," your appeal raises at least colorable arguments about new evidence, new developmEnts in antitrust law, and Apple's alleged anticompetitive behavior subsequent to the original judgment. Courts generally prefer to hear more comprehensive briefing on such issues rather than disposing of them summarily.

2

**Conclusion (Likelihood of Granting Summary Affirmance):**

• **Not highly likely.** Your appeal, although certainly facing an uphill battle, presents complex and arguable issues inappropriate for immediate dismissal without briefing.

• The presence of detailed factual and legal developments after the initial judgment typically weighs heavily against summary affirmance.

• The court is more likely to deny Apple's motion and instead order regular briefing—allowing you to fully argue the merits.


Thus, although Apple may seek summary affirmance, the odds the Ninth Circuit will grant it are relatively low given the nature of your claims and the nuanced arguments you've raised."


Regards,

Jeffrey Isaacs MD


On Wed, Mar 19, 2025 at 6:45 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

> Apple intends to file a motion for summary affirmance in *Isaacs v. Apple*, 9th Cir. Case No. 24-7280.  Please let us know by 5 p.m. PT tomorrow if you oppose the motion.  Absent a response, we will assume you oppose the relief requested in the motion.
>
> Best regards,
>
> Julian
>
>
>
> **Julian W. Kleinbrodt**
> Partner
>
> T: +1 415.393.8382 | M: +1 415.377.0902
> JKleinbrodt@gibsondunn.com
>
> **GIBSON DUNN**
> Gibson, Dunn & Crutcher LLP
> One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

4