No. 24-7280
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

JEFFREY D. ISAACS, et al.,

*Appellant*,

*v.*

APPLE INC.,

*Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:21-cv-05567-EMC

_____

**REPLY IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE**
_____

| | |
|---|---|
| Cynthia E. Richman | Rachel S. Brass |
| Harry R. S. Phillips | Julian W. Kleinbrodt |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1700 M Street, N.W. | One Embarcadero Center, Suite 2600 |
| Washington, D.C. 20036 | San Francisco, CA 94111 |
| | (415) 393-8200 |
| | JKleinbrodt@gibsondunn.com |

*Attorneys for Apple Inc.*

i

Jeffrey Isaacs may believe that his claims "were erroneously dismissed," Opp. 7, but this Court held otherwise. *See Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948 (9th Cir. 2023). Isaacs' opposition confirms that he seeks only to relitigate the case already adjudicated by this Court. Because this appeal thus presents only "insubstantial" questions that do not "justify further proceedings," Cir. R. 3-6(a), the Court should summarily affirm the district court's denial of Isaacs' Rule 60 motion.

**1.** The law of the case controls Isaacs' appeal. *See* Mot. 4–6. Isaacs argues otherwise by suggesting the Court never "meaningfully analyzed" the merits of his "'Notary Stamp' tying claim." Opp. 2, 5–11, 16–18. That is wrong. As Isaacs concedes (*id.* at 2), the Court held that claim (and Isaacs' other antitrust claims) failed for lack of a plausible relevant market or "anticompetitive conduct in that market sufficient to harm the competitive process as a whole." *Coronavirus Rep.*, 85 F.4th at 956–57. Each is "a substantive element of an antitrust claim," including in cases challenging alleged ties (under the rule of reason or *per se* rule). *Somers v. Apple Inc.*, 729 F.3d 953, 963 (9th Cir. 2013); *accord FTC v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020); *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 913 (9th Cir. 2008). That neither the district court nor this Court needed to address other defects with Isaacs' claims, *see* Opp. 2, does not diminish this Court's holding that Isaacs' "antitrust claims must fail." *Coronavirus Rep.*, 85 F.4th at 957.

Isaacs also argues that "law of the case is a discretionary doctrine." Opp. 8.

But under the "rule of mandate," the Court's prior decision "finally settled" the merits of Isaacs' claims and the "district court [was] bound by the decree as the law of the case" without power to "intermeddle with it." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (brackets omitted and quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895)). That alone is dispositive. *See Alberni v. Del Papa*, 304 F. App'x 586, 588 (9th Cir. 2008) (holding district court errs by failing to treat "this court's decision [as] the controlling precedent").

Even if the district court had discretion, it did not abuse it in applying law of the case. There has been no "shift[]" in "[c]ontrolling legal principles" (Opp. 7): Neither the European Union's Digital Markets Act nor district court proceedings in different antitrust cases—the only "developments" in "antitrust regulatory enforcement law" to which Isaacs points (Opp. 7)—can overrule this Court's published opinion. *See Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018) (only "an en banc panel or the Supreme Court" can overrule a precedential opinion). They also are not relevant "factual items" (Opp. 7): Factual developments outside the complaint do not affect the legal insufficiency of Isaacs' allegations. *See Coronavirus Rep.*, 85 F.4th at 953–57. Notably, Isaacs has no response to the multiple authorities holding as much. *See* Mot. 6.[1]

---

[1] For the same reasons, the Court should reject Isaacs' request for an evidentiary hearing. *See* Opp. 15–16.

2

Because this Court's decision bound the district court—and remains binding in this appeal—Isaacs' appeal is "obviously controlled by precedent" and summary affirmance is appropriate. *Optional Cap., Inc. v. DAS Corp.*, 66 F.4th 1188, 1191 (9th Cir. 2023) (quoting *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007)). That *Optional Capital* is a "straightforward contract-payment dispute" while this case, Isaacs says, involves "newsworthy and timely" issues, is irrelevant. Opp. 13 & n.5. There is no exception to the law of the case doctrine for claims that spark public interest. The inescapable reality is that the Court already adjudicated this case, and its decision conclusively resolves this appeal.

**2.** Even setting aside law of the case, Isaacs all but concedes that he cannot meet the high bar for relief under Rule 60. *See* Mot. 6–9. To start, Isaacs does not dispute that Rule 60(b)(5) applies only to prospective judgments and that "the dismissal itself was facially retrospective." Opp. 19. He nevertheless maintains the Court's decision is prospective because it has precedential effect. *Id.* at 18–20. Binding precedent forecloses this argument, *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995)—which Isaacs does not even try to address. Isaacs also contends that the Court's refusal to enjoin Apple is prospective, Opp. 18–19, but that too is wrong. *See, e.g.*, *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007). These arguments are nothing like those in the two cases Isaacs cites,

3

which dealt with attempts to modify existing equitable remedies. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367 (1992); *Agostini v. Felton*, 521 U.S. 203, 238–39 (1997). At bottom, the only judgment here dismissed Isaacs' claims, and controlling precedent holds that order is not prospective. *See* Mot. 7.

Isaacs' arguments on Rule 60(b)(6) are no better. Abandoning the argument he made before (*see* Mot. 9), Isaacs now asserts that Apple "strengthen[ed] its notarization system" in response to a U.S. Copyright Office decision. Opp. 20; *see* ER 46–74 (failing to make such an argument). That argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). It is also a non-sequitur: Isaacs does not explain how "strengthening [a] notarization system," Opp. 20, represents "extraordinary circumstances [that] prevented [him] from seeking earlier, more timely relief," *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)—particularly since, he says, Apple's conduct (whatever it is) has "persist[ed]" for "fifteen years." Opp. 20. "There must be an end to litigation someday," and Isaacs' "free, calculated, deliberate choices" about how to frame and litigate his case do not "bring himself within any division of Rule 60(b)." *Ackermann v. United States*, 340 U.S. 193, 198 (1950).[2]

---

[2] Isaacs also accuses Apple of misrepresenting an opinion from the District of Wyoming to conceal its alleged *ad hominem* attacks. *See* Opp. 13 n.4. In full, the court there said:

4

**3.** Isaacs' lengthy attempts to excuse his violation of the Local Rules, Opp. 20–22, only underscore that those arguments are nowhere in his opening brief and therefore cannot forestall affirmance. *See Regan v. Dep't of Pub. Safety*, 403 F. App'x 230, 231 (9th Cir. 2010) (applying the well-established rule that "arguments not raised by a party in his opening brief are deemed waived" on a pro se appeal); *see also* Mot. 10–11. In any event, Isaacs' Rule 60 motion is in the record, and the Court can count the pages to confirm the district court's finding that it was too long. *See* ER 46–74. That Isaacs could have filed a motion that complied with the Local Rules—and later tried to engage in self-help by filing a reformatted motion after briefing closed (Opp. 21)—does not demonstrate the district court abused its discretion. *See United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989) (district courts have "broad discretion in interpreting, applying, and determining the requirements of their own local rules").

\* \* \*

The Court should summarily affirm the district court's denial of Isaacs' Rule

---

The Court acknowledges Plaintiffs' alleged claims of injustice delivered by the hands of Apple. However, Plaintiffs do not make any effort to ground their argument in legal analysis or, more importantly, in the public interest factors the Court is required to solely focus. Thus, the Court will not consider these allegations in this analysis.

*Coronavirus Rep. Corp. v. Apple Inc.*, 2024 WL 5284023, at *5 n.2 (D. Wyo. Nov. 21, 2024). Isaacs' accusations here are similarly false and irrelevant. *See* Mot. 9 n.3.

5

60 motion.

Dated: April 7, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Julian W. Kleinbrodt*
　　　　　　　　　　　　　　　　　　Julian W. Kleinbrodt

Cynthia E. Richman　　　　　　　　Rachel S. Brass
Harry R. S. Phillips　　　　　　　　Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP　　　　GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.　　　　　　　　One Embarcadero Center, Suite 2600
Washington, D.C. 20036　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　(415) 393-8200
　　　　　　　　　　　　　　　　　　JKleinbrodt@gibsondunn.com

6

## CERTIFICATE OF COMPLIANCE

I certify that this reply contains 1,290 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 32(f).

I certify that this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this reply has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word.

Dated:  April 7, 2025                    Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply in Support of Motion for Summary Affirmance with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 7, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  April 7, 2025                    Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt